UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANTAE MONIQUE JONES,

                                                  CIVIL CASE NO. 04-40238
                     Petitioner,    CRIMINAL CASE NO. 01-50005

v.

UNITED STATES OF AMERICA,         HONORABLE PAUL V. GADOLA
                                                  U.S. DISTRICT JUDGE
                     Respondent.
_____/

**ORDER**

      Now before the Court are Petitioner's objections to a non-dispostive order issued by a magistrate judge. On August 19, 2004, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255. Through the course of the cause of action, Petitioner sought, by way of his March 16, 2006 motion, to amend his original petition for habeas corpus. Magistrate Judge Wallace Capel, Jr. denied Petitioner's motion to amend on March 24, 2006. After initially attempting to file objections to the order without signing the motion, Petitioner's objections were properly placed before this Court on July 11, 2006.

      Non-dispositive orders issued by a magistrate judge are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting

> forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

"According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

Magistrate Judge Capel denied Petitioner's motion to amend his petition in light of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 534 U.S. 220 (2005), because he found that those cases were inapplicable to Petitioner's situation. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (finding that "Booker's rule does not apply retroactively in collateral proceedings.").

Therefore, after carefully reviewing Petitioner's objections as well as the relevant case law, this Court finds that Magistrate Judge Capel's ruling was not clearly erroneous. *Blakely* and *Booker* are not retroactive in such a collateral proceeding and therefore Petitioner's legal argument cannot be applied in the instant case.

**ACCORDINGLY, IT IS HEREBY ORDERED** Petitioner's objections **[docket entry 118]** to Magistrate Judge Wallace Capel, Jr.'s opinion and order denying Petitioner's motion to amend his petition for habeas corpus are **OVERRULED**.

**SO ORDERED.**

Dated:  November 7, 2006                         s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  November 7, 2006 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                                         James C. Mitchell                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                       Shantae Jones               .

                                                   s/Ruth A. Brissaud
                                                 Ruth A. Brissaud, Case Manager
                                                 (810) 341-7845