UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANTE MONIQUE JONES,
                         Petitioner,        CRIMINAL CASE NO. 01-50005

v.                                                          CIVIL CASE NO. 04-40238

UNITED STATES of AMERICA,         HONORABLE PAUL V. GADOLA
                                                              U.S. DISTRICT JUDGE
                         Respondent.
_____/

## **ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

On May 30, 2007, Magistrate Judge Steven D. Pepe issued a Report and Recommendation, recommending that this Court deny Petitioner's § 2255 petition. The Magistrate Judge also notified the parties that objections to the Report and Recommendation must be filed within ten days of the receipt of the document.

On June 14, 2007, Petitioner filed a motion for an enlargement of time to file objections. The Court granted Petitioner's request on June 22, 2007 and ordered that any objections must be filed no later than August 15, 2007. Then, on August 6, 2007, Petitioner filed a motion seeking "Clarification" of the Court's deadline for objections. Petitioner indicated that due to mail difficulties, "unforseen blunder[s]," and this Court's failure to respond to Petitioner's July 20, 2007 "letter,"[1] he was seeking an additional extension of time to file objections. Petitioner asked this

---

[1] The Court notes that the July 20, 2007 letter does not appear on the docket and Petitioner was previously warned on two separate occasions that "letters" will not be considered by the Court. *See* Order for Proper Motion, July 24, 2006 [docket entry #120]. *See also* Order for Proper Motion, Nov. 16, 2006 [docket entry #125] stating:
    Finally, Petitioner has already been placed on notice that such letters are not an appropriate
    manner with which to seek relief. . . . . Accordingly, Petitioner's new letters, similarly
    inappropriate in form, are contrary to the efficient adjudication of claims properly before the
    Court. Therefore, any future correspondence by Petitioner must comply with all applicable legal
    rules. Correspondence that does not comply with those rules will not be considered by this Court.

Court to extend the deadline until August 27, 2007. The Court so extended the deadline.

On August 15, 2007, Petitioner filed a motion in this Court, asking the Court to allow Petitioner to contact his co-counsel. Petitioner's one page motion indicates that he has attempted to contact legal counsel but has been denied access by the staff of the correctional facility where he is being held. Petitioner makes no further allegations in this regard, nor did he ask for a further extension of the already twice-extended objection filing deadline.

Then, on September 4, 2007, more than one week after the twice-extended deadline to file objections had passed, Petitioner filed a motion to extend the deadline yet again. Petitioner asked the Court to extend the deadline to allow him to place objections in the mail on August 31, 2007. The Court received Petitioner's objections on September 10, 2007. Although Petitioner signed the objections, he left the space for the date of his signature blank, failing to indicate when the objections were actually placed in the prison mail system.

The Court finds that given the ample filing deadline extensions, Petitioner's objections are untimely filed and should be rejected on that ground alone. Accordingly, the Court need not conduct a review of the Report and Recommendation under any standard. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) (observing, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"); *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.).

However, in the present case, in the interests of justice, the Court has reviewed Petitioner's

---

Accordingly, the Court did not, and does not now, consider any alleged "failure" of the Court to respond to a letter sent by Petitioner as good cause to otherwise comply with the deadlines of the Court.

objections. When a party objects to portions of a report and recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), that states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

*De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id*; 12 Wright, Federal Practice § 3070.2.

In the present case the Court has conducted a de novo review and finds that the magistrate's report and recommendation is sound. Accordingly, the report and recommendation will be accepted

and adopted as the order of this Court. Petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255 will be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Report and Recommendation [docket entry #131] is **ACCEPTED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [docket entry #64] is **DENIED**.

**SO ORDERED.**

Dated: September 28, 2007                  s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on October 1, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Barbara C. Tanase , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Shante Jones .

                                                     s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                     (810) 341-7845